IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CRISANTO PALOMO, | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| FLOYD MITCHELL, *et al.*, | § |
| Defendants. | § |

No. 5:24-CV-234-BV

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pro se Plaintiff Crisanto Palomo filed a complaint while he was incarcerated at the

Lubbock County Detention Center (LCDC). Dkt. No. 3. Because Palomo has not

complied with Court orders and has failed to pay the filing fee, the undersigned

recommends that the United States District Judge dismiss this action under Rule 41(b) of

the Federal Rules of Civil Procedure.

### 1.    Background

This action was transferred to the undersigned magistrate judge to conduct

preliminary screening under the Prison Litigation Reform Act (PLRA). Dkt. No. 9.

Before the case was reassigned, Palomo was granted leave to proceed *in forma pauperis*

(IFP). Dkt. No. 8. The order did not assess an initial partial filing fee, and it requires

Palomo to pay the full fee in monthly installments drawn from his inmate trust account.

*Id.*

During preliminary screening, Palomo filed a notice of change of address showing

he was no longer in a jail or prison facility. Dkt. No. 14; *see* Dkt. No. 15 (reflecting

release from LCDC to probation effective March 26, 2025). Because Palomo was no longer in custody, the Court ordered him to pay the $350.00 filing fee by June 2, 2025. Dkt. No. 16. Palomo was cautioned that failure to timely pay the fee would result in dismissal of his case without prejudice under Rule 41(b). *Id.* at 2. As of the date of this recommendation, Palomo has not paid the fee or otherwise communicated with the Court.

**2.    The PLRA and Involuntary Dismissal**

The PLRA requires all prisoners who bring a civil suit to prepay the full filing fee in some form. *See* 28 U.S.C. § 1915(b)(1); *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed IFP must pay the fee but is allowed to do so in installments that are withdrawn from his inmate trust account by the prison facility and forwarded to the Court. *See* Dkt. No. 8. The provision of the PLRA that allows for installments applies only while the prisoner is in custody. *See* 28 U.S.C. § 1915(b)(2). After release, "withdrawal of funds from an inmate trust account, pursuant to 28 U.S.C. § 1915(b) and as envisioned in the Court's [PLRA Filing Fee Order], is no longer an option." *Mabry v. TDCJ*, No. 4:10cv520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013). *Gay*, 117 F.3d at 242 n.3.

When a plaintiff fails to comply with court orders—including those requiring payment—"[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply" with the orders. *McCollough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The court may exercise this authority *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir.

1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Here, the Court ordered Palomo to pay the filing fee after his release from custody and warned him that failure to do so would result in dismissal of this action. Dkt. No. 16. Courts routinely dismiss cases when plaintiffs fail to pay the full filing fee as ordered after release from custody. *See, e.g.*, *Fulco v. Kaufman Cnty. Sheriff's Dep't*, No. 3:24-cv-3076-B (BT), 2025 WL 848487, at *1–2 (N.D. Tex. Feb. 24, 2025) ("Because [former prisoner] failed to comply with an order that he pay the remainder of the filing fee as required by the PLRA, his case should be dismissed."), *R. & R. adopted by* 2025 WL 847876 (N.D. Tex. Mar. 17, 2025); *Surber v. Dall. Cnty. Sheriff's Off.*, No. 3:21-CV-2885-X-BH, 2022 WL 18717540, at *1–2 (N.D. Tex. Aug. 15, 2022) (concluding prisoner's case was subject to involuntary dismissal under Rule 41(b) after he failed to pay the full filing fee as ordered upon his release from prison), *R. & R. adopted by* 2023 WL 2026639 (N.D. Tex. Feb. 15, 2023). Because Palomo has violated court orders by not paying the filing fee, the district judge should dismiss this case for want of prosecution.

## 3.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Palomo's complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

3

The fourteen-day period for objections to these findings, conclusions, and recommendation provides Palomo an additional opportunity to pay the filing fee. If Palomo does so, the undersigned recommends that this action be transferred back to the undersigned for further proceedings.

**4.     Right to Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 26 2025.

*Amy Burch*

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**

4